# UNITED STATES DISTRICT COURT

for

# EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

U.S.A. vs. Courtney Jervonne Casey             Docket No. 5:10-CR-243-1H

## Petition for Action on Supervised Release

COMES NOW Scott Plaster, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Courtney Jervonne Casey, who, upon an earlier plea of guilty to Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), was sentenced by the Honorable W. Harold Albritton, Senior U.S. District Judge for the Middle District of Alabama, on April 16, 2008, to the custody of the Bureau of Prisons for a term of 37 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 36 months under the standard conditions adopted by the court and the following additional conditions:

1. The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which may include testing to determine whether the defendant has reverted to the use of drugs. The defendant shall contribute to the cost of any treatment based on ability to pay and the availability of third-party payments.

2. The defendant shall submit to a search of his person, residence, office, or vehicle pursuant to the search policy of this court.

Courtney Jervonne Casey was released from custody on April 13, 2010, at which time the term of supervised release commenced.

The conditions of supervision were modified on June 7, 2010, by the Middle District of Alabama, to include participation in a cognitive behavioral program and 45 days on home confinement with electronic monitoring in response to the defendant's arrest for Resisting a Public Officer and No Operator's License in Wake County, North Carolina.

Jurisdiction was transferred to the Eastern District of North Carolina on July 19, 2010.

On January 14, 2011, the court was notified through a violation report that the defendant tested positive for marijuana on December 23, 2010. The defendant admitted using marijuana on or about December 18, 2010, and signed an admission of drug use form to that effect. The defendant was verbally reprimanded for his decision to use illegal drugs, and he was returned to the beginning phase of the Surprise Urinalysis Program. Since there were no other positive drug tests during the period of supervision and the defendant was participating in cognitive behavioral treatment, it was recommended no further action be taken at that time. The court concurred with the recommendation.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

On January 13, 2011, the defendant reported to the probation office and submitted a urine specimen that was positive for marijuana and cocaine. The defendant denied any additional use of illegal drugs, and the specimen was submitted to the laboratory for confirmation. The results of the laboratory test were received on January 19, 2011, and were confirmed positive for both marijuana and cocaine. When confronted with the results of the laboratory test, the defendant continued to deny ongoing drug use.

During a session of cognitive behavioral treatment (Moral Reconation Therapy or MRT) at the probation office on January 13, 2011, the participants took part in an exercise referred to as, "If I had one year to live." When asked what he would do if he had one year to live, the defendant responded, "I would shoot every police officer I could." When questioned regarding his response, the defendant simply said he was frustrated, but he was unable to articulate his reasons for the answer he provided during the exercise.

On January 18, 2011, the defendant was arrested for Second Degree Trespassing and Failure to Dim Headlamps (10CR201442) in Wake County, North Carolina. According to the defendant, he was returning home from his girlfriend's residence at approximately 4:00am when the car he was driving started smoking. The defendant stated he pulled into the driveway of a home to assess the situation when he was approached by a police officer. According to the defendant, he complied with the officer's demands and requests, but he was arrested for trespassing because there was a trespass warning sign posted on the property.

On January 20, 2011, the defendant reported to the probation office after his participation in cognitive behavioral therapy (MRT) and submitted an on-site drug screen. While the presumptive test indicated a positive result for marijuana and cocaine, a confirmation test by the laboratory has not been received. The defendant continues to deny the use of illegal drugs. Regardless, the defendant was referred to First Step Services for substance abuse treatment with instructions to schedule an appointment by the end of the day. The defendant has also remained unemployed since the commencement of supervision, and although he has been instructed to provide a job search log to the probation officer on a weekly basis, he has failed to do so.

Based upon the noncompliance and concerns noted above, we are recommending the defendant obtain a mental health assessment and complete any recommended counseling or treatment, and serve a 30-day period of home incarceration with electronic monitoring. The defendant has been forewarned that this will be his last opportunity to bring himself into compliance with the terms and conditions of his supervised release. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

Courtney Jervonne Casey
Docket No. 5:10-CR-243-1H
Petition For Action
Page 3

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall abide by all conditions and terms of the home incarceration program for a period not to exceed 30 consecutive days. The defendant shall be restricted to his residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.

2. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/Jeffrey L. Keller
Jeffrey L. Keller
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/Scott Plaster
Scott Plaster
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: (919) 861-8660
Executed On: January 21, 2011

## ORDER OF COURT

Considered and ordered this 24th day of January, 2011, and ordered filed and made a part of the records in the above case.

Malcolm J. Howard
Senior U.S. District Judge